PAMELA J. YATES (State Bar No. 137440)
Email address: pamela.yates@kayescholer.com
KATHRYN PODSIADLO (State Bar No. 299438)
Email address: kathryn.podsiadlo@kayescholer.com
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1600
Los Angeles, California 90067
Telephone: (310) 788-1000
Facsimile: (310) 788-1200

Attorneys for Defendants
PFIZER INC., including its former division
J.B. ROERIG & CO;PFIZER INTERNATIONAL, LLC;
and GREENSTONE LLC

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D. B. a minor, by JULIE PARMLEY, his guardian ad litem and natural mother, <br><br> Plaintiff, <br><br> v. <br><br> PFIZER INC.; PFIZER INTERNATIONAL, LLC; J.B. ROERIG & CO.; GREENSTONE LLC; McKESSON CORPORATION dba NORTHSTAR RX LLC; and DOES 1 through 100, <br><br> Defendants. | Case No. 3:16-CV-01186 <br><br> **NOTICE OF REMOVAL** |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

Pursuant to 28 U.S.C. § 1441 *et seq.*, Defendants Pfizer Inc., including its former division J.B. Roerig & Co., Pfizer International, LLC, and Greenstone LLC (collectively "the Removing Defendants") remove to this Court from the Superior Court of the State of California for the County of San Francisco the action captioned as *D[ ] B[ ] by Julie Parmley v. Pfizer Inc. et al.*, Case No. CGC-15-549653. The Removing Defendants allege as follows:

1. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1441

because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332(a). This Court has subject matter jurisdiction over this action because there is the requisite diversity of citizenship between plaintiffs and each of the properly joined defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Multidistrict Litigation

2. The Judicial Panel on Multidistrict Litigation has established a Multidistrict Litigation for the handling of actions arising from the ingestion of Zoloft, like this action. This MDL is pending before the Hon. Cynthia M. Rufe in the United States District Court for the Eastern District of Pennsylvania. *See In re Zoloft (Sertraline Hydrochloride) Products Liability Litigation*, MDL No. 2342, Case No. 12-MD-2342.

3. The Removing Defendants will immediately identify this action as a potential "tag-along" for transfer to the MDL proceeding. To facilitate this transfer, the Removing Defendants move the Court to stay any proceedings in this Court and defer any further activities to the MDL court. *See Hulsh v. Bayer Healthcare Pharmaceuticals Inc.*, Case No. 15-cv-04801-JST, Dkt. No. 25 (N.D. Cal. Jan 11, 2016); *Buries v. Johnson & Johnson*, Case No. 15-cv-04282-HSG, Dkt. No. 40 (N.D. Cal. Dec. 2, 2015); *A.D. v. Pfizer, Inc.*, 2013 U.S. Dist. LEXIS 105126, at *5 (N.D. Cal. July 26, 2013); *J.W., et al. v. Pfizer, Inc., et al.*, 2013 WL 1402962, at *4 (N.D. Cal. Apr. 5, 2013).

The Plaintiff and All Of The Properly Joined Defendants Have Diverse Citizenship.

4. As alleged in the Complaint, the minor plaintiff and his guardian ad litem are, and at the time this action filed were, citizens of California. Complaint at ¶ 2.

5. Defendant Pfizer Inc. is, and at the time this action was filed was, a Delaware corporation with its principal place of business in New York. *Id.* at ¶ 14.

6. Defendant J.B. Roerig & Company is, and at the time this action was filed was, a former division of Pfizer, not a separate legal entity. *Id.* at ¶ 16.

7. Defendant Pfizer International LLC is, and at the time this action was filed was, a limited liability company existing under the laws of the State of New York. A limited liability company has the citizenship of its members or owners for purposes of diversity jurisdiction. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). All of the

membership interest of Pfizer International is owned by Pfizer. Thus, Pfizer International's citizenship is the same as Pfizer's citizenship and, accordingly, at the time this action was filed and at all times since, Pfizer International was a citizen of Delaware and New York.

8. Defendant Greenstone LLC is, and at the time this action was filed was, a limited liability company 100% owned by Pharmacia & Upjohn Company LLC. Pharmacia & Upjohn Company LLC is a limited liability company that is 100% owned by Pharmacia & Upjohn LLC. Pharmacia & Upjohn LLC is a limited liability company that is 100% owned by Pharmacia LLC. Pharmacia LLC is a limited liability company that is 100% owned by Wyeth Holdings LLC. Wyeth Holdings LLC is a limited liability company that is 100% owned by Pfizer Holdings Americas Corporation. Pfizer Holdings Americas Corporation is a corporation organized under the laws of Delaware, with its principal place in New York. Thus, Greenstone's citizenship is the same as Pfizer Holdings Americas Corporation's citizenship, and Greenstone is a citizen of Delaware and New York.

9. Defendant McKesson Corporation, doing business as Northstar RX LLC, is a Delaware corporation with its principal place of business in California. While, for jurisdictional purposes, McKesson is a citizen of Delaware and California, McKesson was not "properly joined," for the reasons set forth below. *See* 28 U.S.C. § 1441(b). Thus, McKesson's citizenship must be disregarded for purposes of determining the propriety of removal.

10. The citizenship of fictitious defendants DOES 1-100 is disregarded for purposes of diversity. 28 U.S.C. § 1441(b)(1).

<u>McKesson Is A Fraudulently Joined Defendant</u>

11. The doctrine of fraudulent joinder prevents plaintiffs from defeating federal diversity jurisdiction by naming a non-diverse, in-forum defendant. A court must disregard the citizenship of a defendant when "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state. . . ." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Fraudulent joinder applies if "there is no reasonable basis for imposing liability" against that defendant. *See 1 W. Schwarzer and A.W. Tashima, California Practice Guide: Federal Civil Procedure Before Trial* at ¶ 2:672 (2015).

12. There is no reasonable basis for a claim against a supplier of FDA-approved medication to pharmacies, where that supplier is only a delivery conduit and neither manufactured nor designed nor had any other input into the content or properties of the allegedly defective product. *See Skinner v. Warner Lambert Co.*, 2003 WL 25598915 at *1 (C.D. Cal. 2003). This follows from the rule that, in California, pharmacists are not liable for dispensing FDA-approved prescription medications. *See, e.g., Murphy v. E.R. Squibb & Sons, Inc.*, 40 Cal. 3d 672, 680-81 (1985) ("If pharmacies were held strictly liable for the drugs they dispense, some of them, to avoid liability, might restrict availability by refusing to dispense drugs which pose even a potentially remote risk of harm, although such medications may be essential to the health or even the survival of patients").

13. As a matter of logic, if the pharmacist who dispenses the drug to the patient is legally immune, the shipper that delivered the drug in a sealed package from the manufacturer to the pharmacist should also be immune. *Cf. Laughlin v. Biomet, Inc.*, 2016 WL 626514 at *5 (N.D. Ind. Feb. 17, 2016) (distributor of allegedly defective product in sealed container fraudulently joined under Maryland law and remand denied); *Moore v. Johnson & Johnson*, 907 F. Supp.2d 646,666 (E.D. Pa. 2012) (same under Washington law). Indeed, if a pharmacy supplier were held strictly liable for the FDA-approved prescription drugs it delivers to a pharmacist in the normal course of its business, the supply of medications to pharmacies would likely be substantially reduced, or become much more expensive, as suppliers seek to limit and insure against their potential liabilities for the contents of delivered goods over which the supplier has had no involvement, input, or control.

14. Further, McKesson is fraudulently joined for the separate reason that it is subject to collective, not individual, allegations in Plaintiff's Complaint. Collective allegations are indicative of fraudulent joinder. *See Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 391-93 (5th Cir. 2000) (affirming finding of fraudulent joinder where plaintiffs' claims referred to "defendants" collectively and where plaintiffs failed to allege any "particular or specific activity" on the part of the in-state defendants); *Staples v. Merck & Co., Inc.*, 270 F. Supp. 2d 833, 844 (N.D. Tex. 2003) (allegation that "*Defendants* committed actual fraud" insufficient to warrant remand); *Banger ex*

*rel. Freeman v. Magnolia Nursing Home, L.P.*, 234 F. Supp. 2d 633, 638 (S.D. Miss. 2002) ("conclusory and generic allegations of wrongdoing on the part of all Defendants. . . . are not sufficient to show that [non-diverse defendant] was not fraudulently joined"); *In re Rezulin Products Liability Litigation*, 168 F. Supp. 2d 136, 140 & n.10 (S.D.N.Y. 2001) (remand should be denied where "plaintiffs make no specific allegations against [the non-diverse defendant] at all, instead [they] attribut[e] wrongdoing to the collective 'defendants'"); *In re Rezulin Products Liability Litigation,* 136 F. Supp. 2d 272, 291 (S.D.N.Y. 2001) (finding fraudulent joinder where plaintiffs "lump" non-diverse and diverse defendants together "and attribute the acts alleged . . . to the 'defendants' generally"). *See also Sherman v. Stryker*, 2009 U.S. Dist. LEXIS 34105, at *6 (C.D. Cal. Mar. 30, 2009) (in products liability action, dismissing negligent and fraudulent misrepresentation claims where plaintiff "does not differentiate these claims as to [one defendant] and the other defendants" and fails to "specifically allege 'the role of each defendant in each scheme'" (quoting *Lancaster Community Hospital v. Antelope Valley Hospital District*, 940 F.2d 397, 405 (9th Cir. 1991)).

15. In the Complaint here, Plaintiff aggregates, without differentiation, the allegations against McKesson together with the allegations against the defendants who designed and manufactured Zoloft. *See* Complaint at ¶¶ 8-10 ("At all times relevant hereto, Defendants, and each of them, were engaged in the business of researching, designing, developing, licensing, compounding, testing, producing, manufacturing, assembling, processing, packaging, inspecting, labeling, warranting, marketing, promoting, advertising, distributing, selling, and introducing Zoloft into interstate commerce, either directly or indirectly through third parties or related entities."). Of these 20 distinct functions, the complaint alleges only, on information and belief, that McKesson distributed Zoloft to the pharmacy that dispensed the prescription written by a doctor for Plaintiff's mother. *Id.* at ¶¶ 12-13. No individual act of wrongdoing is alleged against McKesson other than delivering the drugs from a Pfizer warehouse to the pharmacist's dispensary. There is no reasonable probability of imposing liability on McKesson based on this lone allegation.

16. McKesson is also fraudulently joined for another reason. In none of the several dozens of almost verbatim identically worded complaints alleging Zoloft-related claims and naming

McKesson as a defendant has any plaintiff done anything more than serve McKesson as a means to avoid federal diversity jurisdiction. In not one of these cases has any plaintiff sought discovery from McKesson, nor actively asserted any of their complaints' claims against McKesson. This suit will almost certainly conform to this established pattern and practice of inactivity on prosecuting the claims alleged against McKesson. As the judge presiding over the MDL litigation has held in another products liability MDL, this sham pleading demonstrates that McKesson has been fraudulently joined. *See In re Avandia Marketing, Sales, Practices and Products Liability Litigation*, 2014 WL 2011597 at *3 (E.D. Pa. May 15, 2014) ("Although these cases are not at the summary judgment stage yet, they are mature enough for the Court to conclude to find a genuine lack of intent to proceed with claims against McKesson. The Court may thus disregard McKesson for purposes of determining whether the Court has jurisdiction. Accordingly, the Court holds that . . . there is complete diversity between the California plaintiffs and the properly joined defendants.").

17. Alternatively, McKesson is fraudulently joined because federal law precludes distributors from being held liable for a state law claim arising from harm allegedly caused by a prescription medicine. *See In re Fosamax (Alendronate Sodium) Products Liability Litigation* 2012 WL 181411 at *3-4 (D.N.J. Jan. 17, 2012). That is because the Supreme Court held in *PLIVA v. Mensing, Inc.* 131 S. Ct. 2567 (2011), that federal law preempts state-law claims against defendants – such as McKesson here – who lack the ability to change an FDA-approved label. *See also Yates v. Ortho-McNeil-Janssen Pharm., Inc.*, 808 F.3d 281, 296-97 (6th Cir. 2015) (dismissing claims for defective prescription drug under "impossibility preemption").

<u>More Than $75,000 Is In Controversy</u>

18. Although the Complaint does not allege a specific amount of compensatory damages, it is apparent from the face of the complaint, and the serious injuries alleged, that the amount in controversy exceeds $75,000. The Removing Defendants do not, however, concede that plaintiff would be entitled to any of the relief sought in the Complaint.

19. When the complaint alleges serious bodily injuries, California federal courts have found that the amount-in-controversy requirement is satisfied, including in other product liability

actions. *See, e.g., Bryant v. Apotex, Inc.*, 2012 WL 5933042 at *4 (E.D. Cal. Nov. 27, 2012) (amount-in-controversy requirement was met, although "complaint [did] not set forth a specific amount of damages," because plaintiff sought "compensatory damages for injuries and severe pain lasting six months, severe emotional distress, and punitive damages"); *Campbell v. Bridgestone/Firestone, Inc.*, 2006 WL 707291 at *2-3 (E.D. Cal. Mar. 17, 2006) (amount in controversy exceeded $75,000, and denying motion to remand, where plaintiffs asserted strict products liability, negligence, and breach of warranty claims and sought compensatory damages, including lost wages and loss of earning capacity, medical expenses, and general damages).

20. The Complaint seeks compensatory damages and alleges that, because of his mother's ingestion of Zoloft, the minor plaintiff suffers from "serious birth defects and/or conditions," and "has thus far undergone invasive surgeries, among other procedures," Complaint at ¶ 2, and "suffered serious injuries and consequent damages." *Id.* at ¶ 56. Plaintiff allegedly has "suffered significant harm, conscious pain and suffering, physical injury and bodily impairment resulting in permanent physical deficits, permanent impairment and other sequelae likely to continue into the future." *Id.* at ¶ 58. The Complaint further alleges that "Plaintiffs have incurred medical expenses and other economic harm including loss of earnings, and will continue to incur expenses, loss of earnings and future earning capacity." *Id.* at ¶ 59. Additionally, allegedly because of his mother's ingestion of Zoloft, "Minor Plaintiff has required medical treatment, and continues to require reasonable and necessary health care, attention and services, and has incurred medical, incidental, and service expenses pertaining to his injuries, and will continue to incur such expenses in the future." *Id.* at ¶ 60. The claimed damages likely exceed $75,000. *See also Dart Cherokee Operating Basin Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

21. Moreover, Plaintiff seeks punitive damages. *See id.* at ¶¶ 82-85. In determining diversity jurisdiction, punitive damages are included in the calculation of the amount in controversy. *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *Ross v. First Family Financial Services, Inc.*, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002)

("unspecified claims for punitive damages sufficiently serve to bring the amount in controversy over the requisite threshold set out in 28 U.S.C. § 1332").

### The Other Statutory Requirements For Removal Are Met

22. This removal is timely under 28 U.S.C. § 1446(b). On December 29, 2015, Plaintiff filed the Complaint. On February 19, 2016, Plaintiff purported to serve Pfizer by mail pursuant to California Code of Civil Procedure Section 415.30. On February 22, 2016, a copy of the summons and complaint and other papers was delivered to Pfizer's Agent for the Service of Process in Harrisburg, Pennsylvania.

23. A copy of all process and pleadings served on Pfizer are attached to this Notice of Removal as Exhibit 1.

24. Pfizer and other defendants answered the complaint in Superior Court before removal. A copy of this responsive pleading filed in the Superior Court action is attached as Exhibit 2.

25. McKesson has answered the complaint in Superior Court. Because this removal is based on 28 U.S.C. § 1332(a), the consent of fraudulently joined parties is not required. *See, e.g., Borsuk v. Mass. Mut. Life Ins. Co.*, 2003 U.S. Dist. LEXIS 25259 at *7-8 (N.D. Cal. Sept. 4, 2003).

26. This Court constitutes the United States District Court covering the County of San Francisco, where the state court action was filed. Accordingly, this Court is a proper venue for this action pursuant to 28 U.S.C. § 84(a).

27. The Removing Defendants are filing a written notice of this removal with the Clerk of the Superior Court in which the action was originally filed, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of this Notice of Removal, together with this Notice of Removal, is being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

28. Should any question arise about the propriety of the removal of this action, the Removing Defendants request the opportunity to brief any disputed issue to the Court, and to present oral argument in support of its position that this action is properly removable.

29. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the right to assert any defense or affirmative matter including, without limitation, the defenses of (a) lack of jurisdiction over the person; (b) improper or inconvenient venue; (c) insufficiency of

process; (d) insufficiency of service of process; (e) improper joinder of claims and/or parties; (f) failure to state a claim; (g) failure to join an indispensable party(ies); or (h) any other procedural or substantive defense available under state or federal law.

Dated: March 9, 2016

Respectfully submitted,

KAYE SCHOLER LLP

By: ____/s/Pamela J. Yates____
    PAMELA J. YATES
Attorneys for Defendants
PFIZER INC., including its former division J.B. ROERIG & CO, PFIZER INTERNATIONAL, LLC, and GREENSTONE LLC